UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

          Plaintiff,          Case No.
                                      Honorable:
vs.                                    Mag. Judge:

LendingClub Treasurer's Check
No. 127118 in the amount of
$4,656,620.39 U.S. Currency,

          Defendant *in rem*.

---

## Complaint for Forfeiture

---

Plaintiff, the United States of America, by and through Dawn N. Ison, United States Attorney for the Eastern District of Michigan, and Catherine E. Morris, Assistant United States Attorney, states the following in support of this Complaint for Forfeiture:

### Jurisdiction and Venue

1. This is an *in rem* civil forfeiture action under 18 U.S.C. § 981 (a)(1)(C) related to a violation or violations of 18 U.S.C. § 1343.

2. This Court has original jurisdiction over this forfeiture action under 28 U.S.C. § 1345 because this action is being commenced by the United States of America as Plaintiff.

3. This Court has jurisdiction over this forfeiture action under 28 U.S.C. § 1355(b)(1)(A) and (B) because the acts giving rise to the forfeiture occurred in the Eastern District of Michigan and because the property was found in this district.

4. Venue is proper before this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this action occurred in the Eastern District of Michigan.

5. Venue is also proper before this Court under 28 U.S.C. § 1395(b) because the Defendant *in rem* was found and seized in the Eastern District of Michigan.

## Defendant in rem

6. The Defendant *in rem* consists of LendingClub Treasurer's Check No. 127118 in the amount of $4,656,620.39 U.S. Currency.

7. Members of the U.S. Secret Service ("USSS") seized the Defendant *in rem* in East Lansing, Michigan on October 25, 2021.

8. The Defendant *in rem* is currently in the custody of the USSS.

## Underlying Criminal Statute

9. 18 U.S.C. §1343 criminalizes schemes or artifices to defraud, or obtaining money or property by means of false or fraudulent pretenses, representations, or promises, when for the purpose of executing the scheme, the

person transmits, or causes to be transmitted, any writings, signs, signals, pictures, or sounds by means of wire communication in interstate commerce.

## Statutory Basis for Civil Forfeiture

10. Title 18 U.S.C. § 981(a)(1)(C) authorizes the civil forfeiture of the following:

> any property real or personal which constitutes or is derived from proceeds that are traceable to any offense constituting "specified unlawful activity" as defined in 18 U.S.C. § 1956(c)(7), or a conspiracy to commit such an offense, shall be subject to forfeiture to the United States. Wire Fraud (18 U.S.C. § 1343) is a "specified unlawful activity."

## Factual Basis in Support of Forfeiture

11. The Defendant *in rem* was involved in a knowing violation or violations of 18 U.S.C. § 1343 and are therefore subject to federal forfeiture pursuant to 18 U.S.C. § 981 (a)(1)(C). Evidence supporting forfeiture includes, but is not limited to, the following:

   a. On or about October 6, 2021, USSS was informed of a detected fraudulent wire transfer to an escrow account in the Detroit, Michigan area. The transfer was made to the local business's escrow account at LendingClub Bank ("LendingClub x7363") in the amount of $5,804,014.73. There were subsequent outgoing wires from the escrow account, including one $4,629,894.29 wire to Alpha & Omega Solutions Resources in Mexico.

3

  b. On or about October 7, 2021, USSS contacted Individual #1, the recipient of the incoming $5,804,014.73 wire transfer. Individual #1, along with her father, Individual #2 are the sole account holders on LendingClub x7363. Individual #1 is an attorney and works as a legal consultant for Individual #2's law firm.

  c. After being contacted by USSS and told of the suspected fraud, Individual #1 immediately initiated a recall on all outgoing wires from LendingClub x7363 that stemmed from the initial wire.

  d. Individual #1 explained to Agents that she had been hired by a person named Carlos Julio, purporting to be the CEO of Zenteno E Imaginen, located in Mexico City, Mexico. Julio alleged that his company was owed money from an industrial printing company based in Irvine, California, and he wanted to retain a U.S.-based law firm to pursue the recovery of the funds. After working to recover the funds, the attorney would take a portion of the recovered funds as fees for her legal services, then wire the remaining funds to an account in Mexico. Through the use of fraudulent emails, forged documents and falsified notaries, Julio was able to convince Individual #1 to work on his behalf, in her perceived role as his attorney.

e.      Unbeknownst to Individual #1, the person or persons purporting to be Carlos Julio were undertaking a business email compromise scheme. In this type of scheme, a business's email system is compromised. Then, in the course of ongoing legitimate business transactions, a third-party business is sent a 'spoofed' email, which is made to look like it is coming from a trusted third party. Believing that the 'spoofed' email is real, the email recipient will proceed to wire funds following instructions in the email, sending legitimate funds to the account chosen by the fraudster. Meanwhile, the fraudster will solicit individuals or businesses to serve as recipients for these wire proceeds. Because these individuals have also been duped, they then forward on most of the funds to accounts, often overseas, controlled by the fraudster.

f.      In this case, Individual #1 received what she believed to be monies owed to Carlos Julio's company. After wiring out a portion of the funds as the fees for her legal services, she forwarded the rest to an account in Mexico, effectively operating as an unknowing money mule for the fraudster.

g.      Individual #1 informed the USSS that the $5,804,014.73 wire was the second that she received for Carlos Julio's company. Prior to the $5,804,014.73 wire, a wire of $890,970.00 was received in September 2021

and distributed in accordance with the phony settlement agreement she was provided by Julio.

    h.    Individual #1 provided the following timeline for the wires:

- 09/17/21 – deposit of $890,870.00 into LendingClub x7363;

- 09/17/21 – wire out of $26,726.10 to Chase account XXXXX7068 (business) for services rendered. These funds were later recalled and returned to LendingClub x7363;

- 09/20/21 – wire out of $864,144.00 to Alpha & Omega Solutions Resources, Mexico;

- 10/01/21 – deposit of $5,804,014.73 into LendingClub x7363;

- 10/01/21 – wire out of $174,120.44 to a Chase business account for services rendered, then internally transferred to a Chase personal account controlled by Individual #1 (These funds were subsequently administratively forfeited to the USSS);

- 10/01/21 – wire out of $1,000,000 to Alpha & Omega Solutions Resources, Mexico; and

- 10/01/21 – wire out of $4,629,894.29 to Alpha & Omega Solutions Resources, Mexico. These funds were later recalled and returned to LendingClub x7363.

      i.      Investigation by the USSS has shown that the source of the October 2021 wire of $5,804,014.73 was Republic Title Company in Texas. The funds were wired due to a 'spoofed' email containing wire instructions. Republic Title held their business account through Texas Capital Bank.

      j.      The wire of $26,726.10, which was previously transferred to a business account of Individual #1 as fees for services rendered, was recalled and returned to LendingClub x7363. These funds, which were originally sent as part of the scheme, were involved in a knowing violation of wire fraud.

      k.      LendingClub Bank informed Agents that the funds in the LendingClub account that were recalled from the wire to Mexico ($4,629,894.29) and the returned funds from Individual #1 ($26,726.10) were currently held in LendingClub x7363, totaling $4,656,620.39. These funds were seized by the USSS. They were illicitly obtained from victims of the business email compromise scheme and were involved in a scheme to defraud or obtain money by means of false or fraudulent pretenses, representations, or promises, using the means of wire communication in interstate or foreign commerce.

## Claim for Relief

12.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 11.

13.     The Defendant *in rem* is forfeitable to the United States of America under 18 U.S.C. § 981(a)(1)(C) because they were involved in a knowing violation or violations of 18 U.S.C. § 1343.

## Conclusion and Relief

Plaintiff respectfully requests that this Court issue warrants for arrest of the Defendant *in rem*; that due notice be given to all interested parties to appear and show cause why forfeiture should not be decreed; that judgment be entered declaring the Defendant *in rem* condemned and forfeited to the United States for disposition according to law; and, that the United States be granted such further relief as this Court may deem just and proper, together with costs and disbursements of this action.

Respectfully submitted,

Dawn N. Ison
United States Attorney

S/Catherine E. Morris
Catherine E. Morris (P84371)
Assistant U.S. Attorney
211 W. Fort Street, Ste. 2001
Detroit, Michigan  48226
(313) 226- 9562
Catherine.Morris@usdoj.gov

Dated: March 24, 2022

## VERIFICATION

I, Robert Westenberg, state that I am a Special Agent with the United States Secret Service. I have read the foregoing Complaint for Forfeiture and declare under penalty of perjury that the facts contained therein are true and correct based upon knowledge possessed by me and/or upon information received from other law enforcement agents.

Dated: 3/23/2022

Robert Westenberg, USSS SA